# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

KELLY VANDEWATER,

                              Plaintiff,

            -vs-

CANANDAIGUA NATIONAL BANK and
MARYANN RIDLEY, Vice President of the Human
Resource Department, Individually

                              Defendants.

DECISION & ORDER
06-CV-6319-CJS(F)

---

## APPEARANCES

For Plaintiff:                    Christina A. Agola, Esq.
                                  730 First Federal Plaza
                                  28 East Main Street
                                  Rochester, NY 14614
                                  585-262-3320

                                  Melvin Bressler, Esq.
                                  58 Tobey Court
                                  Pittsford, NY 14534

For Defendants:                   R. Scott DeLuca, Esq.
                                  Underberg & Kessler LLP
                                  1900 Main Place Tower
                                  Buffalo, NY 14202
                                  716-847-9118

                                  Ronald G. Hull, Esq.
                                  Paul F. Keneally, Esq.
                                  Underberg-Kessler LLP
                                  300 Bausch & Lomb Place
                                  Rochester, NY 14604
                                  585-258-2838

**Siragusa, J.** Now before the Court is defendants' motion (# 5) to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56, and plaintiff's cross-motion (# 7) to file a second amended complaint, pursuant to Federal Rule of Civil Procedure 15. For the reasons stated below, defendants' application is granted and plaintiff's motion is denied.

## BACKGROUND

The following factual recitation is taken from plaintiff's first amended complaint, filed on July 21, 2006. Plaintiff alleges that she was wrongfully terminated on November 2, 2005, from her employment with Canandaigua National Bank (the "Bank") in retaliation for her participation in a sexual harassment investigation[1] conducted by defendant. In a charge filed before the Equal Employment Opportunity Commission ("EEOC"), plaintiff stated that on or about October 13, 2005, she "participated in a sexual harassment investigation." ("EEOC Charge".) In her first amended complaint, she stated that she "cooperated with an internal investigation by defendant of alleged discriminatory practices . . . ." (Am. Compl. ¶ 9.) On March 31, 2006, the EEOC issued a determination that, "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Am. Compl. Ex. B.)

Defendants filed their motion to dismiss on September 13, 2006, and on November 3, 2006, plaintiff filed her cross-motion the Court seeking to amend her amended complaint. In the proposed second amended complaint, plaintiff alleges for the first time

---

[1]In an affidavit in support of her cross-motion to amend, plaintiff's counsel states that the investigation was the result of alleged sexual harassment accusations against plaintiff. (Agola Decl. (Nov. 3, 2006) ¶ 8.)

that while she was participating in the internal investigation, she informed the investigator, Mary Ann Ridley ("Ridley"), Vice President of Human Resources for the Bank, that, "her immediate supervisor was creating a hostile work environment on the basis of sex with regards to her comments about pornography, sex life with her husband, waiting at the door for her husband naked, an alleged foursome with another couple, and having and replacing three dildos." (Proposed Second Am. Compl. ¶ 10.) Plaintiff argues that the amendment should be allowed, so that she can go forward on a theory that she was opposing sexual harassment at the time of the investigation.

## STANDARDS OF LAW

### Rule 12(b)(6) Standard

In considering a motion for dismissal under Rule 12, defendant must show that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the nonmoving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

> Finally, while the plaintiff need not set out in detail the facts upon which he bases a claim, he must provide the "defendant fair notice of the nature of the claim and the grounds upon which it rests." *Washington v. James*, 782 F.2d 1134, 1140 (2d Cir. 1986) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 [1957]). Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)(*citing Ostrer v. Aronwald*, 567 F.2d 551, 553 [2d Cir. 1977]; *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 [2d Cir. 1972]).

*Parisi v. Coca-Cola Bottling Co.*, 995 F. Supp. 298, 300–01 (E.D.N.Y. 1998).

### Motion to Amend

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Continental Illinois Nat. Bank And Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

### Title VII Claim

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, which states in pertinent part,

It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condition, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a)(1). As the Second Circuit explained in *Donato v. Plainview-Old Bethpage Cent. School Dist.*, 96 F.3d 623 (2d Cir. 1996),

> To establish a prima facie case of retaliatory discharge, the plaintiff must show: "i) [her] participation in a protected activity known to the defendant; ii) an employment action disadvantaging the plaintiff; and iii) a causal connection between the protected activity and the adverse employment action."

*Donato*, 96 F.3d  at 633-34 (2d Cir. 1996) (*quoting Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir.1995)).

> The anti-retaliation provision of Title VII provides in relevant part as follows:
>
> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings
>
> It shall be an unlawful employment practice for an employer to discriminate against any of his employees…, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a) (1972). "This subchapter" refers to subchapter VI of chapter 21 of Title 42. The Ninth Circuit has held that this requirement, in the participation clause of the statute, applies to EEOC proceedings, only:

> The purpose of section 2000e-3's participation clause "is to protect the employee who utilizes the tools provided by Congress to protect his rights." *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978); *see also Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) (purpose of statute is to protect access to machinery under Title VII). Indeed, the statutory language specifically limits the participation clause of section 2000e-3 to proceedings "under this subchapter." 42 U.S.C. § 2000e-3. Accusations made in the context of charges before the

> Commission are protected by statute; charges made outside of that context are made at the accuser's peril. *See Jawa v. Fayetteville State Univ.*, 426 F. Supp. 218, 230 (E.D.N.C. 1976), *aff'd*, 584 F.2d 976 (4th Cir. 1978), *cert. denied*, 440 U.S. 974 (1979).

*Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir. 1990) (footnote omitted).

Retaliatory discharge claims are analyzed under the three-step burden shifting approach originally explained in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, (1973). Under that approach, plaintiff has a *de minimis* burden to establish a *prima facie* case of retaliation. Once she has done so,

> the burden shifts to defendant to demonstrate a legitimate nondiscriminatory reason for its decision. If such a reason is articulated, plaintiff must then prove that the proffered reason was a pretext for retaliation and that defendant's real motivation was the impermissible retaliatory motive.

*Donato*, 96 F.3d at 634 (citation omitted).

### New York Human Rights Law Claim

Plaintiff also makes a claim under the New York State Human Rights Law, codified at New York Executive Law § 296. That statute makes it an unlawful discriminatory practice

> for an employer or licensing agency, because of the age, race, creed, color, national origin, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

N.Y. Exec. Law § 296(1)(A). The Court notes that the elements of Title VII and New York Discrimination Law claims "can be analyzed, for purposes of determining sufficiency of the evidence, in a manner virtually identical to those under Title VII." *Gallagher v. Delaney*, 139 F.3d 338, 345 (2d Cir. 1998).

**ANALYSIS**

Defendants ask the Court to consider the EEOC charge in addition to the information contained in the complaint and amended complaint filed by plaintiff. Normally, to do so, the Court must convert the motion to dismiss into one for summary judgment. However, the Second Circuit, in the context of Securities complaints, has held,

> when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason-requiring notice so that the party against whom the motion to dismiss is made may respond-that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Since the EEOC complaint is a document plaintiff would have used in formulating her complaint, and in this case, has been provided to the Court as an attachment to the declaration of plaintiff's counsel  in support of her cross-motion, the Court will consider the contents of that document without converting this into a Rule 56 summary judgment motion.

Defendants first argue that plaintiff's amended complaint has not met the "participation clause" of the anti-retaliation statute, set out in pertinent part above. The Court agrees. Clearly, plaintiff's participation in an internal investigation at the Bank, even though related to allegations of sexual harassment, did not involve an EEOC investigation. Therefore, her factual allegations do not support a claim under the "participation clause" of the statute. Consequently, her Title VII complaint may be dismissed on that basis.

Turning to plaintiff's cross-motion to file a second amended complaint, she alleges that during the non-EEOC sexual harassment investigation, she raised issues covered by

the "opposition clause" of the anti-retaliation statute. Thus, if the Court should permit her to amend her complaint to add that allegation, then her Title VII complaint could go forward on that basis alone. Defendants, of course, oppose her motion to amend, contending that an amendment to allege those facts would be futile. Their first argument on this point is that they have submitted an affidavit from Ridley in which she states that plaintiff *never* raised any issue of sexual harassment during the investigation. However, the Court rejects this argument since, even if this motion were converted into one for summary judgment, and, assuming the Court permitted the amended complaint, the opposing statements from plaintiff and Ridley would constitute a material issue of fact resulting in a denial of summary judgment.

Defendants also argue that plaintiff's attempt to amend her amended complaint would be futile, since she has not exhausted her administrative remedies as required by Title VII. *See William v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). Title VII requires that a complaint of discrimination be brought first to the EEOC and that the complainant receive a "right to sue" letter. The Second Circuit has held, however, that,

> "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation marks omitted). In this inquiry, "the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (*quoting Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)). The central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigate discrimination on both bases." *Id.* at 202. The "reasonably related" exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" *Id.* at 201

(*quoting Butts*, 990 F.2d at 1402) (alteration in original).

*Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (footnote omitted). The Court of Appeals also cited a number of cases in the circuit in which district courts had "considered and rejected the argument that a charge of race or gender discrimination is 'reasonably related' to an EEOC complaint formally alleging only retaliation." *Id.*, at 70. Moreover, the Court of Appeals also held that, "the relationship between a retaliation claim in an EEOC complaint and a subsequently-articulated gender discrimination claim is not one based on a *per se* rule. It is instead one *intimately connected to the facts asserted* in the EEOC complaint." *Id.*, at 71 (emphasis added). In *Williams*, the plaintiff made specific factual assertions of sex discrimination in her EEOC complaint. *Id.*, at 69. In contrast, the only factual assertions made in plaintiff's EEOC complaint here are:

> On or about October 13, 2005 I participated in a sexual harassment investigation. On November 2, 2005, less than 4 weeks later, I was terminated in retaliation for having engaged in a sexual harassment investigation. My supervisor informed me that I had to be fired to get rid of the "negative energy." Since my termination, other employees were terminated for associating with me, Donna Leone…and Linda Guay…. I was terminated from my employment despite having no disciplinary action or write-ups taken against me. I was told my employment ended and with no explanation.

(EEOC Charge No. 165-2006-00218 (telephone numbers for the two named individuals have been omitted).) Nothing in plaintiff's EEOC charge suggests that *she* "opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 20003-3(a). Therefore, if the Court were to grant plaintiff's motion to amend, it would nonetheless be futile, since a motion to dismiss for failure to exhaust would properly lie. Accordingly, on the ground that it would be futile, the Court denies plaintiff's motion to amend.

**CONCLUSION**

In light of the foregoing, the Court grants defendants' motion (# 5) to dismiss with regard to the Federal claims, and denies plaintiff's motion (# 7) to amend. Since the Court has dismissed the Federal claims, it elects not to exercise jurisdiction over the New York claims. 28 U.S.C. § 1367(c)(3). The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   January 26, 2007
       Rochester, New York

         ENTER:

           /s/ Charles J. Siragusa
           CHARLES J. SIRAGUSA
           United States District Judge